UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 5:22-CR-49 |
| | ) | |
| NATHAN CARMAN, | ) | |
| Defendant. | ) | |

### JOINT MOTION FOR DESIGNATION AS A COMPLEX CASE AND EXCLUSION OF TIME PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, and defendant Nathan Carman ("Carman"), by and through his counsel from the Office of the Federal Public Defender, hereby jointly move the Court to declare the above-referenced case a complex case for purposes of the Speedy Trial Act and to exclude time under the Act from the date this motion is filed until a date in September 2022 – to be set by the Court for a pretrial conference, because the ends of justice would be best served by excluding this time.

On May 2, 2022, a federal grand jury sitting in Rutland, Vermont, returned a sealed indictment (the "Indictment") charging Carman with three counts of mail fraud, in violation of 18 U.S.C. § 1341; four counts of wire fraud, in violation of 18 U.S.C. § 1343; and murder on the high seas, in violation of 18 U.S.C. § 1111.  Carman was arrested on May 10, 2022.  He made his initial appearance before United States District Judge Geoffrey W. Crawford on May 11, 2022, and was ultimately ordered detained.  A scheduling order set a deadline of August 12, 2022, for pre-trial motions.  Time under the Speedy Trial Act has been excluded until that date.

"The Speedy Trial Act requires that a defendant be tried within seventy days of the unsealing of the indictment or his initial appearance before a judicial officer, whichever occurs

later." <u>United States v. Naseer</u>, 38 F. Supp. 3d 269, 275 (E.D.N.Y. 2014) (citing 18 U.S.C.

§ 3161(c)(1)). This seventy-day period is flexible. <u>Id.</u> Courts may, for various reasons, exclude

certain periods of time from the calculation of the speedy trial period. <u>Id.</u> Relevant here is the

statute's exclusion for matters in which the "'ends of justice' served by delay 'outweigh the best

interests of the public and the defendant in a speedy trial,'" known as the Section 3161(h)(7)

exclusion. <u>Id.</u> (quoting § 3161(h)(7)). In determining whether the Section 3161(h)(7) exclusion

is appropriate, courts must consider whether the case is so complex that, absent a continuance, it

would be unreasonable to expect adequate preparation for trial or pretrial proceedings. <u>See</u>

§ 3161(h)(7)(B)(ii). In making that determination, one of the factors courts consider is whether

"the nature of the prosecution" makes the case "unusual or complex." <u>Id.</u>

      The nature of the instant prosecution is indeed unusual and complex for several reasons.

First, the potential evidence in this case is extensive. The fraud scheme set forth in the

Indictment is alleged to have commenced in or about 2013. The extended duration of the crime

alleged brings a substantial amount of conduct under the umbrella of the Indictment. Within this

time, two related civil cases have been litigated. Those cases involved the exchange of

voluminous discovery as well as numerous depositions. Moreover, one of the cases went to trial.

These prior, related proceedings add substantial complexity to the instant case. Additionally, the

case also involves evidence from at least four different states.

      Second, the instant case will involve a number of expert witnesses who will testify in

atypical areas. For instance, the government anticipates calling experts to testify in the areas of

ocean drift analysis, naval architecture, and wilderness medicine, among others. A number of

these experts in fact testified in the prior civil cases. Finally, the government's review of

evidence seized pursuant to search warrants requires the implementation of a filter team because

Carman was previously represented in connection with a number of matters, including the prior civil cases.

In sum, "the case is so . . . complex, due to . . . the nature of the prosecution, . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the [Speedy Trial Act]." 18 U.S.C. § 3161(h)(7)(B)(ii).  The government and Carman consent to the exclusion of time under the Speedy Trial Act. Accordingly, the parties jointly move the Court to designate the matter complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and exclude the time between the filing of this motion and [end date] from the calculation of the time when trial must commence pursuant to the Speedy Trial Act. The Court should find that failure to grant this exclusion "would be likely to make a continuation of [the trial] impossible, or result in a miscarriage of justice," 18 U.S.C. § 3161(7)(B)(i), and that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).  For all of these reasons, the Court should find that the ends of justice served by excluding this time outweigh the best interest of the public and the defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Lastly, the parties respectfully request that the Court hold a status conference during the final week of September.  At this hearing, the parties will ask the Court to set a new pre-trial motions deadline and will update the Court on scheduling more generally.  Further, at this hearing, the Court should address further Speedy Trial Act exclusions.

Dated at Burlington, in the District of Vermont, 11th day of August, 2022.


Respectfully submitted,


UNITED STATES OF AMERICA

NIKOLAS P. KEREST                        NATHAN CARMAN
United States Attorney                    Defendant

By: */s/ Nathanael T. Burris*         By: */s/ Mary Nerino*
    Nathanael T. Burris                       Mary Nerino
    Paul J. Van de Graaf                      Sara Puls
    Assistant U.S. Attorneys                  Michael Desautels
    P.O. Box 570                              Office of the Federal Public Defender
    Burlington, VT 05402-0570                 95 Pine Street, Suite 150
    Nate.Burris@usdoj.gov                     Burlington, VT 05401