UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.             ) | Docket No. 5:22-CR-49 |
| ) | |
| NATHAN CARMAN,       ) | |
|    Defendant.      ) | |

**JOINT MOTION FOR EXTENTION OF PRE-TRIAL MOTIONS DEADLINE AND EXCLUSION OF TIME PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, and defendant, Nathan Carman, by and through his counsel, hereby jointly move the Court to extend the pre-trial motions deadline to December 6, 2022, and exclude time for purposes of the Speedy Trial Act *nunc pro tunc* from September 30, 2022 to December 6, 2022, because the ends of justice would be best served by excluding this time.

On May 2, 2022, a federal grand jury sitting in Rutland, Vermont, returned a sealed indictment charging Carman with three counts of mail fraud, in violation of 18 U.S.C. § 1341; four counts of wire fraud, in violation of 18 U.S.C. § 1343; and murder on the high seas, in violation of 18 U.S.C. § 1111.  Carman was arrested on May 10, 2022.  He made his initial appearance before United States District Judge Geoffrey W. Crawford on May 11, 2022, and was ultimately ordered detained.  A scheduling order set an initial deadline of August 12, 2022, for pre-trial motions.  That deadline was extended to September 30, 2022, and time under the Speedy Trial Act has been excluded until that date.  On August 16, 2022, the Court issued an Order designating the instant case as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(b)(ii).

"The Speedy Trial Act requires that a defendant be tried within seventy days of the unsealing of the indictment or his initial appearance before a judicial officer, whichever occurs later." United States v. Naseer, 38 F. Supp. 3d 269, 275 (E.D.N.Y. 2014) (citing 18 U.S.C. § 3161(c)(1)).  This seventy-day period is flexible.  Id.  Courts may, for various reasons, exclude certain periods of time from the calculation of the speedy trial period.  Id.  Relevant here is the statute's exclusion for matters in which the "'ends of justice' served by delay 'outweigh the best interests of the public and the defendant in a speedy trial,'" known as the Section 3161(h)(7) exclusion.  Id. (quoting § 3161(h)(7)).  In determining whether the Section 3161(h)(7) exclusion is appropriate, courts must consider whether the case is so complex that, absent a continuance, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings.  See § 3161(h)(7)(B)(ii).  In making that determination, one of the factors courts consider is whether "the nature of the prosecution" makes the case "unusual or complex."  Id.

The nature of the instant prosecution is indeed unusual and complex for several reasons.  First, the potential evidence in this case is extensive.  The fraud scheme set forth in the indictment is alleged to have commenced in or about 2013.  The extended duration of the crime alleged brings a substantial amount of conduct under the umbrella of the indictment.  Within this time, two related civil cases have been litigated.  Those cases involved the exchange of voluminous discovery as well as numerous depositions.  Moreover, one of the cases went to trial.  These prior, related proceedings add substantial complexity to the instant case.  Additionally, the case also involves evidence from at least four different states, as well as anticipated testimony from a number of expert witnesses.  More recently, the defendant obtained new counsel, who will require time to review this substantial discovery in order to adequately prepare for trial.

In sum, "the case is so . . . complex, due to . . . the nature of the prosecution, . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the [Speedy Trial Act]." 18 U.S.C. § 3161(h)(7)(B)(ii).  The government and Carman consent to the exclusion of time under the Speedy Trial Act.  The Court should find that failure to grant this exclusion "would be likely to make a continuation of [the trial] impossible, or result in a miscarriage of justice," 18 U.S.C. § 3161(7)(B)(i), and that "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).  For all of these reasons, the Court should find that the ends of justice served by excluding this time outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Dated at Burlington, in the District of Vermont, 19th day of October 2022

Respectfully submitted,

UNITED STATES OF AMERICA

| NIKOLAS P. KEREST | NATHAN CARMAN |
|---|---|
| United States Attorney | Defendant |
| By: */s/ Nathanael T. Burris* | By: */s/ Robert Katims* |
| Nathanael T. Burris | Robert Katims, Esq. |
| Paul J. Van de Graaf | Hoff Curtis |
| Assistant U.S. Attorneys | 60 Main Street |
| P.O. Box 570 | Burlington, VT 05401 |
| Burlington, VT 05402-0570 | |