UNTIED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:22-CR-00049 (GWC) |
| | : | |
| v. | : | |
| | : | |
| NATHAN CARMAN | : | JANUARY 17, 2023 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NATHAN CARMAN'S
FIRST MOTION FOR BILL OF PARTICULARS**

The Defendant, Nathan Carman, is entitled to know the particular nature of the charges pending against him. However, Counts One through Six and Count Eight of the Indictment—all of which require proof of a material misrepresentation—fail to allege a single material misrepresentation. The Indictment refers very generally to numerous documents as bases for Counts One through Six and Count Eight without providing Mr. Carman with any additional information regarding how the Government avers that Mr. Carman committed the alleged fraud. As he cannot properly craft a defense and prepare for trial without knowing the particulars of Counts One through Six and Count Eight, Mr. Carman respectfully moves this Court for an order directing the Government to provide a bill of particulars as to Counts One through Six and Count Eight of the Indictment. For the reasons detailed below, the Court should grant Mr. Carman's First Motion for Bill of Particulars.

**I.    BACKGROUND**

On May 2, 2022, a federal grand jury sitting in the District of Vermont returned an eight-count indictment (the "Indictment"), charging Mr. Carman with mail fraud in violation of 18 U.S.C. § 1341 (Counts One through Three), wire fraud in violation of 18 U.S.C. § 1343 (Counts Four through Six, and Count Eight), and murder in violation of 18 U.S.C. § 1111 (Count Seven). The Indictment stems from the Government's allegations that Mr. Carman murdered his mother, Linda

1

Carman, by sinking the boat aboard which he and Linda Carman were in September 2016. (Indictment at ¶¶ 18, 27.) The Government has stated that its "case centers primarily around the murder of Linda Carman." (Tr. Hr'g on Def.'s Mot. to Vac. Order of Detention (Doc. No. 39) at 9:7–10.)

Mr. Carman was arraigned on May 11, 2022, during which the Court ordered Mr. Carman detained. (*See* Doc. No. 10.) Additionally, following a detention hearing on May 16, 2022, the Court issued an order of detention as to Mr. Carman. (*See* Doc. No. 19.) On July 6, 2022, Mr. Carman filed a motion to vacate the Order of Detention and, on August 2, 2022, the Court held a hearing during which it denied Mr. Carman's motion. (*See* Doc. Nos. 27, 35.)

In the Indictment, the Government alleges that Mr. Carman devised a scheme to defraud the estate of his grandfather, John Chakalos. (*See* Indictment at ¶ 7.) As part of the alleged scheme, the Government asserts in conclusory fashion that Mr. Carman "murdered John Chakalos and Linda Carman" and that Mr. Carman "murdered his grandfather, John Chakalos, shooting him twice with the Sig Sauer while Chakalos slept in his Windsor, CT home." (*Id.* at ¶¶ 7, 10.) As this Court noted previously, however, the murder of Mr. Chakalos "has not been solved, at least to the satisfaction of the Connecticut authorities." (Doc. No. 39 at 50:24–51:1.) Despite the fact that Mr. Carman was never arrested, charged, or convicted for the death of Mr. Chakalos, the Government "alleges that the killing [of Mr. Chakalos] was part of the defendant's fraudulent scheme." (*Id.* at 8:11–12.)

The Government claims that Mr. Carman "misrepresented his involvement in and responsibility for" the deaths of his grandfather and mother "to law enforcement, to his family, to others who made inquiries about the deaths and their circumstances, and to others who challenged his cover-up or challenged his rights to his grandfather's assets." (Indictment at ¶ 7.) It further

2

avers that Mr. Carman "falsely denied his involvement in the murder" of Mr. Chakalos, "misrepresented his whereabouts between approximately 3:00 a.m. on December 20, 2013, when he left his apartment in Bloomfield, and approximately 4:00 a.m., when he arrived at the location where he planned to meet his mother to take a charter fishing trip[,]" and "falsely denied purchasing the Sig Sauer in November 2013." (*Id.* at ¶ 12.)

In support of Counts One through Three, alleging mail fraud in violation of 18 U.S.C. § 1341, the Government maintains that, for purposes of executing the alleged scheme to defraud, Mr. Carman *caused* the following documents to be delivered by U.S. mail or commercial interstate carrier *to himself*:

- Petitioner's Third Set of Interrogatories, dated May 23, 2018, sent by U.S. Mail (Count One);

- "[M]aterial relating to the Windsor Police Department investigation of Carman," dated July 27, 2018, sent by UPS (Count Two); and

- Exhibits for Petitioner's Request for Admissions, Set #2, dated November 1, 2018, sent by UPS (Count Three).

(Indictment at ¶ 23.) In support of Counts Four through Six, alleging wire fraud in violation of 18 U.S.C. § 1343, the Government maintains that, for purposes of executing the alleged scheme to defraud, Mr. Carman transmitted by means of wire in interstate commerce the following documents:

- An email providing answers to Petitioner's First Set of Interrogatories, dated February 13, 2018 (Count Four);

- An email providing answers to Petitioner's Third Set of Interrogatories, dated June 27, 2018 (Count Five); and

3

- An email providing answers to Petitioner's First Set of Requests for Admission, dated July 15, 2018 (Count Six).

(*Id.* at ¶ 25.)

In Count Eight of the Indictment, the Government maintains that Mr. Carman "devised a scheme to defraud and obtain money from Boat U.S. and the National Liability and Fire Insurance Co. . . . ." (*Id.* at ¶ 29.)  In support of this claim, the Government asserts in conclusory fashion that "[o]n or about June 10, 2017," Mr. Carman "transmitted and caused to be transmitted by means of wire communication in interstate commerce an email that attached his narrative about the sinking of the *Chicken Pox*, for the purpose of executing the scheme." (*Id.* at ¶ 30.)

The Government does not specify as to what particular statements contained in the above-listed documents were false or otherwise support the charges of mail fraud and wire fraud.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) authorizes the Court to "direct the government to file a bill of particulars," upon the defendants' motion, "before or within 14 days after arraignment or at a later time if the court permits."  "The standard for determining whether a bill of particulars is appropriate is based on necessity." *United States v. Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010).  "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (internal quotation marks omitted).

"The purpose of a bill of particulars is to 'supplement the allegations in the indictment when necessary to (1) enable the defendant to prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude a second prosecution of the same offense.'" *Mandell*, 710 F. Supp. 2d. at 384 (quoting *United States v. Sturtz*, 648 F. Supp. 817, 819–20 (S.D.N.Y. 1986)).  It

"is not a discovery device and 'should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense.'" *Id.* (quoting *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994)).

### III.    ARGUMENT

Counts One through Six and Count Eight of the Indictment fail to fairly apprise Mr. Carman of the misrepresentations that subject him to criminal responsibility for mail and wire fraud. The Indictment provides only conclusory assertions unsupported by any factual allegations. Therefore, a bill of particulars is necessary in order to properly prepare a defense and avoid unfair surprise at trial.

#### A. Elements of Mail and Wire Fraud

The mail fraud and wire fraud statutes use the same relevant language and, therefore, courts analyze them the same way. *United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (citation omitted). "The essential elements of [mail and wire fraud] are (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." *Id.* (quoting *United States v. Binday*, 804 F.3d 558, 569 (2d Cir. 2015)). "The gravamen of the offense is the scheme to defraud." *Id.* "In order to prove the existence of a scheme to defraud, the government must also prove 'that the misrepresentations were material,' and that the defendant acted with fraudulent intent." *Id.* (quoting *United States ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 657 (2d Cir. 2016); *United States v. Greenberg*, 835 F.3d 295, 305–06 (2d Cir. 2016)).

"A statement is material if the 'misinformation or omission would naturally tend to lead or is capable of leading a reasonable [person] to change [his] conduct.'" *Id.* (quoting *United States v. Rybicki*, 354 F.3d 124, 145 (2d Cir. 2003)). "In other words, a 'lie can support a fraud conviction

only if it is material, that is, if it would affect a reasonable person's evaluation of a proposal.'" *Id.* (quoting *United States v. Corsey*, 723 F.3d 366, 373 (2d Cir. 2013)). "A false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the [decisionmaker] to which it was addressed." *Id.* The Supreme Court has stated that, "[u]nder any understanding of the concept, materiality looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation." *Id.* (quoting *Universal Health Servs., Inc. v. United States*, 579 U.S. 173, 193 (2016)).

### B. A Bill of Particulars is Needed to Properly Defend the Fraud Charges

The Indictment fails to adequately apprise Mr. Carman of the nature of the fraud charges. General references to documents do not indicate the misrepresentation Mr. Carman allegedly made. Counts One, Two, and Three are premised on discovery requests from New Hampshire Probate Court litigation, as well as Windsor, Connecticut Police Department investigative material that Mr. Carman allegedly caused to be sent through the mail to himself. (Indictment at ¶ 23.) Meanwhile, Counts Four, Five, and Six are premised on Mr. Carman's responses to discovery requests in the New Hampshire Probate Court action that he sent via e-mail. (*Id.* at ¶ 25.) Moreover, Count Eight is premised on Mr. Carman's purported narrative about the sinking of the boat called *Chicken Pox*. (*Id.* at ¶ 30.) It is unclear from the Indictment, however, what in the contents of these "materials" are alleged to be the material misrepresentations necessary to establish mail and wire fraud. Mr. Carman should not need to guess while preparing his defense. Yet, without the information requested in this Motion, that is exactly what he will be forced to do.

Even more troubling, without knowing the alleged misrepresentations, at trial Mr. Carman will be forced to establish that every single assertion in each document is true. Such an outcome is wholly improper, as it confusingly shifts the burden away from the Government and to Mr.

6

Carman. *See United States v. Bortnovsky*, 820 F.2d 572, 574–75 (2d Cir. 1987). In *Bortnovsky*, the government charged the defendants with, *inter alia*, mail fraud based on the alleged submission of false insurance claims for burglaries that never occurred. *Id.* at 574. Although the indictment included a list of suspect pieces of mail and the dates on which they were mailed, it did not specify the dates of the alleged phony burglaries, i.e., it did not specify the purported misrepresentations. *Id.* The defendants moved for a bill of particulars, and the district court denied that motion. *Id.* On appeal, the Second Circuit held the defendants "were hindered in preparing their defense by the district court's failure to compel the Government to reveal crucial information" because, "[i]n effect, the burden of proof impermissibly was shifted to [the defendants]." *Id.* at 574–75. Accordingly, the Second Circuit determined that the improper burden shifting that resulted from the district court's denial of the motion for bill of particulars was reversible error. *Id.* at 575. This Court should avoid such a result and grant Mr. Carman's Motion for Bill of Particulars.

Mr. Carman's Motion for Bill of Particulars is not requesting further discovery or evidentiary material. Rather, a bill of particulars is not only appropriate, but necessary, in order for Mr. Carman to obtain information relating to the facts that the Government must prove beyond a reasonable doubt at trial in order to establish Mr. Carman's guilt for mail and wire fraud. *See United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (stating that the purpose of a bill of particulars is to "advise the defendant of the specific acts of which he is accused"); *see also United States v. Sims*, 808 F. Supp. 607, 612 (N.D. Ill. 1992) ("A bill of particulars should be supplied to[] clarify the nature of the offense charged and the ultimate facts necessary to avoid surprise or double jeopardy."). The existence of a material misrepresentation is a necessary element of both mail and wire fraud, *see Weaver*, 860 F.3d at 94. Mr. Carman's alleged sending and/or receiving of litigation discovery material or investigation material in the mail or via email alone is insufficient

7

to prove mail and wire fraud. Thus, the general references to documents in the Indictment are insufficient to inform Mr. Carman of what he must defend against. In other words, a bill of particulars is needed to clarify the nature of the fraud charges that the Government asserted against Mr. Carman.

Additionally, it is a well-settled principle that, "[i]n determining whether to grant a bill of particulars, the court must consider whether the requested information is necessary to allow the defense to adequately prepare for trial—not whether such information would be merely helpful to the defense." *United States v. Jackson*, No. 2:21-CR-00113 (CR), 2022 WL 17076193, at *3 (D. Vt. Nov. 18, 2022) (quoting *United States v. Hamilton*, 487 F. Supp. 3d 140, 148 (E.D.N.Y. 2020)). In *Jackson*, the court determined that, without details of the alleged use of firearm in furtherance of drug trafficking "regarding the dates of the alleged brandishings, the location, the individuals present, or the firearm involved," the indictment provided the defendant "with insufficient particularity to prepare a defense." *Id.* at *5. Here, the Government has similarly failed to provide Mr. Carman with sufficient particularity to prepare his defense of the mail and wire fraud counts. Just as the defendant in *Jackson* was entitled to know details such as the type of firearm involved to support the charge of use of a firearm in furtherance of drug trafficking activity, Mr. Carman is entitled to know with specificity what statements support the alleged mail and wire fraud charged in Counts One through Six and Count Eight of the Indictment.

Notably, the court's decision in *Jackson* is especially applicable when assessing the need for a bill of particulars related to Count Eight. First, the Government maintains that the wire communication was dated "[o]n or about June 10, 2017." (Indictment at ¶ 30.) However, the Court in *Jackson* explained that the use of approximate rather than specific dates provided the defendant with insufficient particularity to prepare a defense. *Jackson*, 2022 WL 17076193, at *5.

ME1 43964185v.1

In order to prepare properly his defense of Count Eight, Mr. Carman needs to know the specific date on which he allegedly "transmitted and caused to be transmitted" the email attaching the "narrative." (Indictment at ¶ 30.) In addition, the wire fraud statute applies when a defendant "transmits or causes to be transmitted" a wire communication containing a material misrepresentation. 18 U.S.C. § 1343. In the Indictment, however, the Government does not specify whether Mr. Carman is alleged to have "transmitted" or "caused to be transmitted" the wire communication at issue. Instead, the Government asserts that Mr. Carman "transmitted and caused to be transmitted" the wire communication at issue. (Indictment at ¶ 30.) The Government should particularize whether Mr. Carman "transmitted" or "caused to be transmitted" the communication at issue, as the allegations are distinct. *Compare, e.g.*, Indictment at ¶ 23 (alleging that Mr. Carman "caused to be delivered" certain documents) and ¶ 25 (alleging that Mr. Carman "transmitted" certain wire communications), *with* Indictment at ¶ 30 (alleging that Mr. Carman "transmitted and caused to be transmitted" the wire communication). For these additional reasons, a bill of particulars is needed to allow Mr. Carman to prepare a defense to Count Eight.

Mr. Carman acknowledges that the Government has provided him with a significant amount (approximately 1 terabyte) of information in discovery. However, the volume of material is precisely what makes clarification of the fraud charges necessary. *See United States v. Rajaratnam*, No. 09-CR-1184 (RJH), 2010 WL 2788168, at *2 (S.D.N.Y. July 13 2010) ("The government may not 'rely solely on the quantity of information disclosed'; 'sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars'" (quoting *United States v. Bin Laden*, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000)). Indeed, this Court has acknowledged previously the complex nature of this case, commenting on the, "three heads of legal activity outside of Vermont," and then being further advised by the Assistant Public Defender

of an additional probate case pending in New Hampshire. (Doc. No. 39 at 29:3–8.) The Court also has designated this matter a complex case. (Doc. No. 42.) The enormous digital mountain of information at play in this complex matter serves only to make the nature of the fraud charges less apparent to Mr. Carman. This significantly prejudices his ability to defend the fraud counts, which as the Government stated to the Court, "[e]ven if the defendant were convicted only of fraud, the sentencing guidelines advise a life sentence." (Doc. No. 39 at 5:17–20.)

## IV.    CONCLUSION

The Indictment fails to apprise Mr. Carman of the nature of the alleged mail and wire fraud, as it does not include any detail about a material misrepresentation that Mr. Carman made in furtherance of the alleged scheme. Not knowing what statements the Government believes were materially misrepresented will place an undue and improper burden on Mr. Carman, and will significantly prejudice his ability to defend the fraud charges. In addition, in order to defend Count Eight, Mr. Carman needs to know the specific date and whether the Government alleges that he "transmitted" or "caused to be transmitted" the wire communication at issue. The complex nature of this matter and the volume of information involved necessitate the bill of particulars that Mr. Carman requests through this Motion. Accordingly, for the reasons set forth herein, the Court should grant Mr. Carman's First Motion for Bill of Particulars.

Dated: January 17, 2023
      Hartford, Connecticut

Respectfully submitted,

THE DEFENDANT
NATHAN CARMAN

By: /s/ *David X. Sullivan*
David X. Sullivan, Esq. (*Pro Hac Vice*)
dsullivan@mccarter.com
McCARTER & ENGLISH, LLP
CityPlace I, 36th Floor
185 Asylum Street
Hartford, CT 06103
Phone: (860) 275-6700
Fax: (860) 724-3397

/s/ *Martin J. Minnella*
Martin J. Minnella, Esq. (*Pro Hac Vice*)
pcrean@mtelawfirm.com
MINNELLA, TRAMUTA, & EDWARDS, LLC
40 Middlebury Road
Middlebury, CT 06762
Phone: (203) 573-1411
Fax: (203) 757-9313

/s/ *Robert W. Katims*
Robert W. Katims, Esq.
rkatims@hoffcurtis.com
HOFF CURTIS
60 Main Street
Burlington, VT 05401
Phone: (802) 864-6400

ME1 43964185v.1

## **CERTIFICATION**

      I hereby certify that on this date a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

      /s/ *David X. Sullivan*
      David X. Sullivan (*Pro Hac Vice*)