UNTIED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:22-CR-00049 (GWC) |
| | : | |
| v. | : | |
| | : | |
| NATHAN CARMAN | : | FEBRUARY 6, 2023 |

**REPLY IN FURTHER SUPPORT OF DEFENDANT NATHAN CARMAN'S
FIRST MOTION FOR BILL OF PARTICULARS**

Although the Government's Opposition to the Motion for Bill of Particulars provides necessary clarification and detail to resolve Mr. Carman's need for a bill of particulars regarding certain counts, the need for a bill of particulars for multiple counts remains. In fact, with respect to Counts One through Three, the arguments contained in the Government's Opposition serve to further demonstrate the need for the bill of particulars that Mr. Carman requests. Mr. Carman does not believe that the allegedly fraudulent mailings and wire communications each must contain a material misrepresentation. However, material misrepresentations are a key element of the wire and mail fraud counts charged in the Indictment. Therefore, Mr. Carman is entitled to know the material misrepresentations that the Government alleges provide the grounds for the frauds charged in the Indictment. Accordingly, subject to the limitations addressed below, the Court should grant Mr. Carman's First Motion for Bill of Particulars.

**I. MR. CARMAN IS NOT CREATING A NEW ELEMENT FOR MAIL AND WIRE FRAUD**

The Government maintains that the Court should deny Mr. Carman's Motion "because it is predicated on a misunderstanding of the relevant law, and the Court should not order a bill of particulars pertaining to a nonexistent element." (Doc. No. 66 at 1.) Specifically, the Government argues that Mr. Carman seeks a bill of particulars detailing the material misrepresentations "contained in" the various mailings and wires, and that such request is

improper because "the mailings and wires charged in each count need not contain a material misrepresentation." (*Id.* at 8.) The Government's argument is misplaced.

Mr. Carman does not believe that the individual mailings and wire communications listed in Counts One through Six and Count Eight must themselves contain a material misrepresentation. Throughout its Opposition, the Government reiterates that Mr. Carman is requesting the material misrepresentations "contained in" the mailings and wires. (*Id.* at 1, 4, and 8.) However, the Government ignores the remainder of Mr. Carman's request. Yes, Mr. Carman did use the words "contained in," but the true premise of the request is to determine the material misrepresentation "*which provides the basis for*" the fraud counts charged in the Indictment. (Doc. No. 59 at 1–2 (emphasis added).) Mr. Carman is essentially requesting the material misrepresentations "as to" each mailing and wire, which provide the basis for each mail and wire fraud count. Indeed, Mr. Carman's supporting memorandum of law makes this clear, when he asserts that "[t]he Government does not specify as to what particular statements contained in the above-listed documents were false *or otherwise support the charges of mail fraud and wire fraud*." (Doc. No. 59-1 at 4 (emphasis added).)

Mr. Carman's use of the words "contained in" should not be understood as his belief that the specific mailings and wire communications listed in the Indictment contained a material misrepresentations. That would be confusing especially for Counts One through Three, as they are premised on documents that a third-party sent to Mr. Carman. This clarification does not change that fact that Mr. Carman is entitled to know the material misrepresentations that provide the bases for the mail and wire fraud counts charged in the Indictment. Therefore, subject to the limitations discussed below, the Court should grant Mr. Carman's Motion for Bill of Particulars.

## II. MR. CARMAN NO LONGER REQUIRES A BILL OF PARTICULARS AS TO COUNTS 4–6 AND COUNT 8

The Indictment lacks sufficient detail regarding the material misrepresentations that provide the bases for the mail and wire fraud charges asserted in the Indictment. However, based on the representations the Government made in its Opposition to the Motion for Bill of Particulars, Mr. Carman has sufficient detail to adequately prepare his defense and is no longer seeking a bill of particulars concerning Counts Four through Six and Count Eight of the Indictment. The Government stated that "Count Four relates to Carman's answers to the first set of interrogatories, which include Carman's answer regarding his whereabouts on the night of John Chakalos's murder." (Doc. No. 66 at 10.) The Government further represented that "Count Five relates to a wire in which Carman answers the interrogatories propounded by mail as charged in Count One, including his answer about electronic information." (*Id.*) In addition, the Government stated that "Count Six involves Carman's sworn answers to petitioner's first requests for admission which include information about firearms, computers, and GPS units – all of which are mentioned in the indictment." (*Id.*) The Government represented that "Count Eight relates to an email from Carman to his counsel providing discovery in which he maintains his false narrative about the voyage of the Chicken Pox – a false narrative he also provided to the insurance company at the initiation of his fraudulent insurance claim." (*Id.* at 10.)

Relying on the Indictment alone, Mr. Carman did not have the information he needed to enable him to prepare a defense and adequately protect his rights concerning the mail and wire fraud charges. However, the additional information that the Government provided through its Opposition resolved the need for a bill of particulars concerning the material misrepresentations that provide the bases for Counts Four through Six and Count Eight. Additionally, regarding Count Eight, the Government's Opposition clarifies that Mr. Carman allegedly transmitted the

3

wire at issue, and that he transmitted the wire to his counsel in the Rhode Island action. This information is not apparent on the face of the Indictment and, without it, a bill of particulars was warranted. The Government's representations related to Counts Four through Six and Count Eight suffice to clarify Mr. Carman's questions and assist him in preparing his defense to those Counts. Therefore, Mr. Carman no longer requires a bill of particulars with respect to Counts Four through Six and Count Eight.

### III.   THE COURT SHOULD GRANT A BILL OF PARTICULARS FOR COUNTS 1–3

The Government's arguments in opposition to a bill of particulars concerning Counts One through Three serve to further demonstrate the need for the supplemental facts that a bill of particulars would provide. Mr. Carman understands and acknowledges that he is not entitled to a preview of the Government's case or legal theories and, in fact, understands generally what the Government's theory is here. However, Mr. Carman cannot prepare adequately for trial and protect his rights when a terabyte of data is dropped on him with no inkling of what in that terabyte the Government asserts supports Counts One through Three of the Indictment.

In Counts One through Three, the Government provides an alleged date of mailing and a description of the mailing that Mr. Carman allegedly caused to be sent in the mail. (Doc. No. 1 at ¶ 23.) From the information contained in the Indictment, however, Mr. Carman is left guessing at what material misrepresentations are alleged to support Counts One through Three. In particular, Counts One and Three relate to discovery requests that a third party mailed to Mr. Carman during a New Hampshire Probate Court action that was dismissed for lack of jurisdiction. (*See* Doc. No. 66 at 9.) Are the misrepresentations that provide the bases for Counts One and Three specific and, thus, inapplicable to every other mailing that occurred in connection with the dismissed New Hampshire Probate Court litigation? Presumably, the

4

alleged general misrepresentations about his involvement in Mr. Chakalos's death would apply to more than just the Petitioner's Third Set of Interrogatories and Exhibits to Petitioner's Second Set of Requests for Production.  To adequately prepare his defense, Mr. Carman must know what purported material misrepresentations provide the bases for Counts One and Three.

 Likewise, the description of the mailing at issue in Count Two fails to apprise Mr. Carman of what material misrepresentation provides the basis for that charge.  The Government maintains that Count Two is premised on Mr. Carman's "false statements in police interviews" during the investigation of John Chakalos's death.  (*Id.*)  What are the statements that the Government is referring to, and in what "material" from the Windsor Police Department are they contained?  The Windsor Police Department investigation, which remains an open case, involved the Windsor Police, Connecticut State Police major crimes division, ATF, and FBI.  Mr. Carman made numerous statements during this extensive investigation, and should be directed to which ones provide the bases of the mail fraud charged in Count Two.  All that Mr. Carman knows is that the Government believes at least some these statements were untrue.  Mr. Carman is entitled to know whether Government's position is that he misrepresented his involvement in John Chakalos's death which, of course, would mean that Count Two is based on Mr. Carman maintaining his innocence and exercising his constitutional rights to a crime that he has never been charged with, or convicted of, committing.

 As the Government points out in its Opposition, "[t]he proper scope and function of a bill of particulars is to furnish facts, supplemental to those contained in the indictment, necessary to apprise the defendants of the charges against them with sufficient precision so as to enable them to prepare a defense, to avoid unfair surprise at trial, and to preclude a second prosecution for the same offense." (Doc. No. 66 at 7 (quoting *United States v. Binday*, 908 F. Supp. 2d 485, 497

(S.D.N.Y. 2012).)  Here, the Court should grant Mr. Carman's Motion for Bill of Particulars as to Counts One through Three because the Indictment does not contain the facts necessary to enable him to prepare a defense.  Instead, the Indictment contains only conclusory assertions about Mr. Carman's involvement in John Chakalos's murder.  The requested bill of particulars, limited as described herein, will provide the supplemental facts that Mr. Carman must know in order to prepare his defense in this case.  Otherwise, Mr. Carman will be forced to defend this case under the working, yet unconstitutional, assumption that he is guilty of the murder of John Chakalos without any further idea of what material misrepresentations provide the bases for the mail fraud charges contained in Counts One through Three.  Despite the Government's assertions to the contrary, Mr. Carman is presumed innocent until proven guilty of the charges recited in the Indictment, as well as the uncharged conduct that forms the basis of much of the Indictment.  Accordingly, the Court should grant Mr. Carman's Motion.

## IV.     **CONCLUSION**

As explained above and in Mr. Carman's opening memorandum of law, Mr. Carman is entitled to a bill of particulars related to Counts One through Three of the Indictment.  The Government's Opposition provided sufficient clarity and explanation as to allow Mr. Carman to adequately prepare a defense to Counts Four through Six and Count Eight of the Indictment.  However, glaring uncertainties remain about what material misrepresentations provide the bases for Counts One through Three.  Mr. Carman is not asking about misrepresentations contained in the specific mailings at issue in Counts One through Three, but he is entitled to know what purported misrepresentations support those charges.  Significant constitutional rights are impacted in this prosecution, and Mr. Carman is entitled to a bill of particulars so he can prepare

an adequate defense to Counts One through Three. Accordingly, the Court should grant Mr. Carman's Motion for Bill of Particulars.

Dated: February 6, 2023
      Hartford, Connecticut

Respectfully submitted,

THE DEFENDANT
NATHAN CARMAN

By: /s/ *David X. Sullivan*
    David X. Sullivan, Esq. (*Pro Hac Vice*)
    dsullivan@mccarter.com
    McCARTER & ENGLISH, LLP
    CityPlace I, 36th Floor
    185 Asylum Street
    Hartford, CT 06103
    Phone: (860) 275-6700
    Fax: (860) 724-3397

/s/ *Martin J. Minnella*
Martin J. Minnella, Esq. (*Pro Hac Vice*)
pcrean@mtelawfirm.com
MINNELLA, TRAMUTA, & EDWARDS, LLC
40 Middlebury Road
Middlebury, CT 06762
Phone: (203) 573-1411
Fax: (203) 757-9313

/s/ *Robert W. Katims*
Robert W. Katims, Esq.
rkatims@hoffcurtis.com
HOFF CURTIS
60 Main Street
Burlington, VT 05401
Phone: (802) 864-6400

ME1 44120163v.1

## **CERTIFICATION**

      I hereby certify that on this date a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

      /s/ *David X. Sullivan*
      David X. Sullivan (*Pro Hac Vice*)

ME1 44120163v.1