UNTIED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:22-CR-00049 (GWC) |
| | : | |
| v. | : | |
| | : | |
| NATHAN CARMAN | : | FEBRUARY 10, 2023 |

**DEFENDANT NATHAN CARMAN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL DISCLOSURE OF GRAND JURY MINUTES**

Counts One through Six of the Indictment rely solely on conduct that Mr. Carman is not, and has never been, charged with, namely, the murder of John Chakalos. During the oral argument on Mr. Carman's Motion for Partial Disclosure of Grand Jury Minutes, held on February 7, 2023, the Court ordered Mr. Carman to submit a supplemental memorandum regarding the treatment of charged versus uncharged conduct in the grand jury. (*See* Doc. No. 69.) In further support of his Motion, Mr. Carman submits this memorandum. For the reasons articulated previously, and those stated herein, the Court should grant Mr. Carman's Motion for Partial Disclosure of Grand Jury Minutes.

The determination of whether to grant a motion for disclosure of grand jury minutes is left to the discretion of the Court. *United States v. Carneglia*, 675 Fed. App'x 84, 85 (2d Cir. 2017) (citing *In re Petition of Craig*, 131 F.3d 99, 107 (2d Cir. 1997)). Although there is no authority directly responsive to the Court's Order regarding charged versus uncharged conduct before the grand jury, the Court should exercise its discretion and grant Mr. Carman's Motion. This is an extraordinary case, which the Court has designated as "complex." (*See* Doc. No. 42.) Adding to the complexity is the Indictment, which contains several conclusory assertions of uncharged criminal conduct related to Mr. Carman's purported involvement in the murder of John Chakalos. Indeed, even the Court noted its confusion regarding Counts One through Three of the Indictment

during the oral argument. The Indictment provides that Mr. Carman "murdered John Chakalos," (Indictment at ¶ 7), by shooting him twice with the same firearm that Mr. Carman allegedly purchased in New Hampshire (*id.* at ¶¶ 9-10.)  These conclusory assertions provide the sole grounds for Counts One through Six of the Indictment.

It is imperative that the Court permit Mr. Carman to review the limited portion of grand jury minutes that concern the murder of John Chakalos. The murder of John Chakalos provides the basis for the first six counts of the Indictment, yet that murder is not charged in the Indictment. Therefore, Mr. Carman needs to know that the grand jury had a complete and accurate picture of the true status of the investigation into the death of John Chakalos. If the grand jury did not hear that Mr. Carman has never been convicted or even charged with John Chakalos's murder, that Mr. Carman is not the only suspect for the murder of John Chakalos, and that the alleged firearm used to kill John Chakalos has never been actually linked to Mr. Carman, then more than a mere possibility exists that the grand jury would not have returned a true bill as to Counts One through Six.

Moreover, Mr. Carman can be tried only on the charges that are brought in the Indictment. In fact, it is well-established that, "[u]nder the fifth amendment, a defendant has a right to be tried only on charges contained in the indictment and returned by a grand jury." *United States v. Clemente*, 22 F.3d 477, 482 (2d Cir. 1994). Thus, a defendant cannot be tried for conduct not charged in the indictment. If the Government intends to try Mr. Carman for the death of Mr. Chakalos—a charge that is not contained in the Indictment—then there may be serious constitutional implications. "An unconstitutional amendment of the indictment occurs when the charging terms are altered, either literally or constructively. Constructive amendments of the indictment are per se violations of the fifth amendment that require reversal even without a

showing of prejudice to the defendant." *Id.* (citing *United States v. Helmsley*, 941 F.2d 71, 89 (2d Cir. 1991), *cert. denied*, 502 U.S. 1091 (1992); *United States v. Mollica*, 849 F.2d 723, 730 (2d Cir. 1988)). A review of the portion of grand jury minutes sought as to what was actually represented or explained concerning the death of John Chakalos will ensure that Mr. Carman's constitutional rights are protected, and will allow Mr. Carman to determine whether his constitutional rights were ignored during the grand jury proceedings.

Although there are no cases directly on point, the Court should exercise its discretion and permit Mr. Carman to review the limited portions of grand jury minutes relating to the death of John Chakalos. This case is extraordinary, and the need to protect Mr. Carman's constitutional rights and review the limited portion of grand jury minutes sought far outweighs the need to keep secret the concluded grand jury proceedings. Presently, Mr. Carman has little choice but to prepare a defense not only to the charged murder of Linda Carman as set forth in Count Seven of the Indictment, but also for the uncharged death of John Chakalos.[1] Accordingly, the Court should grant Mr. Carman's Motion for Partial Disclosure of the Grand Jury Minutes.

---

[1] The Court may also conduct an *in camera* review of the grand jury minutes and, following its review, either grant or deny Mr. Carman's Motion depending on whether any of the issues Mr. Carman raised in this Motion exist.

Dated: February 10, 2023
      Hartford, Connecticut

Respectfully submitted,

THE DEFENDANT
NATHAN CARMAN


By: /s/ *David X. Sullivan*
    David X. Sullivan, Esq. (*Pro Hac Vice*)
    dsullivan@mccarter.com
    McCARTER & ENGLISH, LLP
    CityPlace I, 36th Floor
    185 Asylum Street
    Hartford, CT 06103
    Phone: (860) 275-6700
    Fax: (860) 724-3397

/s/ *Martin J. Minnella*
Martin J. Minnella, Esq. (*Pro Hac Vice*)
pcrean@mtelawfirm.com
MINNELLA, TRAMUTA, & EDWARDS, LLC
40 Middlebury Road
Middlebury, CT 06762
Phone: (203) 573-1411
Fax: (203) 757-9313

/s/ *Robert W. Katims*
Robert W. Katims, Esq.
rkatims@hoffcurtis.com
HOFF CURTIS
60 Main Street
Burlington, VT 05401
Phone: (802) 864-6400

**CERTIFICATION**

      I hereby certify that on this date a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

      /s/ *David X. Sullivan*
      David X. Sullivan (*Pro Hac Vice*)