UNTIED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:22-CR-00049 (GWC) |
| | : | |
| v. | : | |
| | : | |
| NATHAN CARMAN | : | APRIL 14, 2023 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NATHAN CARMAN'S
MOTION FOR DISCLOSURE OF *JENCKS* MATERIAL**

The disclosure of statements and reports of government witness to the defendant is an important and necessary component of the constitutional guarantee of a fair trial. To protect his constitutional right to a fair trial, Defendant, Nathan Carman, respectfully moves this Court for an order requiring the Government to produce all statements and reports of witnesses in its possession, custody, or control pursuant to *Jencks v. United States*, 353 U.S. 657 (1957) and 18 U.S.C. § 3500. For the reasons detailed below, the Court should grant Mr. Carman's motion.

## I.    BACKGROUND

On May 2, 2022, a federal grand jury sitting in the District of Vermont returned an eight-count indictment (the "Indictment"), charging Mr. Carman with mail fraud in violation of 18 U.S.C. § 1341 (Counts One through Three), wire fraud in violation of 18 U.S.C. § 1343 (Counts Four through Six, and Count Eight), and murder in violation of 18 U.S.C. § 1111 (Count Seven). The Indictment stems from the Government's allegations that Mr. Carman murdered his mother, Linda Carman, by sinking the boat aboard which he and Linda Carman were in September 2016. (Indictment at ¶¶ 18, 27.) The Government has stated that its "case centers primarily around the murder of Linda Carman." (Tr. Hr'g on Def.'s Mot. to Vac. Order of Detention (Doc. No. 39) at 9:7–10.)

1

Mr. Carman was arraigned on May 11, 2022, during which the Court ordered Mr. Carman

detained.  (*See* Doc. No. 10.)  Additionally, following a detention hearing on May 16, 2022, the

Court issued an order of detention as to Mr. Carman.  (*See* Doc. No. 19.)  On July 6, 2022, Mr.

Carman filed a motion to vacate the Order of Detention and, on August 2, 2022, the Court held a

hearing during which it denied Mr. Carman's motion.  (*See* Doc. Nos. 27, 35.)

In the Indictment, the Government alleges that Mr. Carman devised a scheme to defraud

the estate of his grandfather, John Chakalos.  (*See* Indictment at ¶ 7.)  As part of the alleged scheme,

the Government asserts in conclusory fashion that Mr. Carman "murdered John Chakalos and

Linda Carman" and that Mr. Carman "murdered his grandfather, John Chakalos, shooting him

twice with the Sig Sauer while Chakalos slept in his Windsor, CT home."  (*Id.* at ¶¶ 7, 10.)  As

this Court noted previously, however, the murder of Mr. Chakalos "has not been solved, at least

to the satisfaction of the Connecticut authorities."  (Doc. No. 39 at 50:24–51:1.)  Despite the fact

that Mr. Carman was never arrested, charged, or convicted for the death of Mr. Chakalos, the

Government "alleges that the killing [of Mr. Chakalos] was part of the defendant's fraudulent

scheme."  (*Id.* at 8:11–12.)

The Government claims that Mr. Carman "misrepresented his involvement in and

responsibility for" the deaths of his grandfather and mother "to law enforcement, to his family, to

others who made inquiries about the deaths and their circumstances, and to others who challenged

his cover-up or challenged his rights to his grandfather's assets."  (Indictment at ¶ 7.)  It further

avers that Mr. Carman "falsely denied his involvement in the murder" of Mr. Chakalos,

"misrepresented his whereabouts between approximately 3:00 a.m. on December 20, 2013, when

he left his apartment in Bloomfield, and approximately 4:00 a.m., when he arrived at the location

ME1 44677953v.1

where he planned to meet his mother to take a charter fishing trip[,]" and "falsely denied purchasing the Sig Sauer in November 2013." (*Id.* at ¶ 12.)

## II.       <u>LEGAL STANDARD</u>[1]

"[O]nly the defense is adequately equipped to determine the effective use for purpose of discrediting the Government's witness and thereby furthering the accused's defense" and, therefore, "the defense must initially be entitled to see them to determine what use may be made of them." *Jencks v. United States*, 353 U.S. 657, 668–69 (1957). "Justice requires no less." *Id.* at 669. Although it is a standard practice for the government to product witness reports and statements in all cases, the Jencks Act requires a defense motion before the government's disclosure obligations arises. *See* 18 U.S.C. § 3500(b) ("the court shall, *on motion of the defendant*," order the production of witness statements) (emphasis added); *see also* Fed. R. Crim. P. 26.2(a) ("the court, *on motion of a party who did not call the witness*," must order disclosure of the witness statement) (emphasis added). Under the Jencks Act, the statements subject to disclosure are the following:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e)(1)–(3). Notably, Fed. R. Crim. P. 26.2, requiring disclosure of witness statements, applies at trial and, among other instances, at preliminary hearings and detention hearings. FED. R. CRIM. P. 26.2(g)(1) and (4).

---

[1] On April 14, 2023, pursuant to D. Vt. Local R. Crim. P. 16(f), counsel for Mr. Carman and for the Government met and conferred telephonically regarding this motion.

3

### III.       **ARGUMENT**

Mr. Carman is facing an eight-count indictment, premised on charged and uncharged conduct, which includes allegations arising from extensive investigations and civil litigation.  The prosecution most certainly possesses numerous witness statements, as the prosecution team is comprised of numerous local, state, and federal agencies.  The Court should order the Government to disclose all Jencks Act material so that Mr. Carman can assess its usefulness and prepare his defense to the charges brought in the Indictment.

There have been extensive investigations leading up to the charges against Mr. Carman – investigations that continue to this day.  These investigations include the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco, and Firearms, the Connecticut State Police, the Windsor, Connecticut Police Department, the United States Coast Guard, the grand jury, and others.  These investigations also include numerous witness statements, testimony, and/or reports, as well as emails, from the numerous government agencies and private individuals involved.  The government must seek all *Jencks* material, from all the members of the prosecution team, which includes all federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against Mr. Carman.  *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *see also* United States Dep't of Justice, *Justice Manual*, § 9-5.001(B)(2).

In this complex case, with trial scheduled to begin on October 10, 2023, and anticipated to last no less than three weeks, the Court should direct the Government to make a complete disclosure, which includes specific identification of all *Jencks* material among the discovery it has produced and has yet to produce.  The specific disclosure of *Jencks* material at this point will insure that Mr. Carman is able to thoroughly and adequately assess the usefulness of such information

4

and, therefore, protect Mr. Carman's constitutional right to a fair trial.  Mr. Carman acknowledges that this Motion is seeking disclosure of *Jencks* material earlier than what § 3500 provides. However, counsel for the Government has indicated that early access to *Jencks* material would not be problematic.  Indeed, counsel for the Government represented in its opposition to Mr. Carman's Motion for Partial Disclosure of Grand Jury Minutes that "[h]ad the defense requested early access to these potential Jencks Act statements, the government would likely have agreed and avoided the need for this litigation.  In short, the government is willing to provide the defense access to review the case agent transcripts."  (Doc. No. 68 at 4–5.)  Mr. Carman appreciates the Government's cooperation in this regard, and asks that this Court grant his Motion.

**IV.    <u>CONCLUSION</u>**

Given the overwhelming amount of information involved in this case and the Government's prior representations regarding the production of Jencks Act material, a Court order requiring the Government to sufficiently disclose any and all *Jencks* material in the near term is necessary to insure the protection of Mr. Carman's right to a fair trial.  Accordingly, the Court should grant Mr. Carman's Motion for Disclosure of *Jencks* Material.

ME1 44677953v.1

Dated: April 14, 2023                    Respectfully submitted,
       Hartford, Connecticut

                                        DEFENDANT
                                        NATHAN CARMAN


By: */s/ David X. Sullivan*
       David X. Sullivan, Esq. (*Pro Hac Vice*)
       dsullivan@mccarter.com
       McCARTER & ENGLISH, LLP
       CityPlace I, 36th Floor
       185 Asylum Street
       Hartford, CT 06103
       Phone: (860) 275-6700
       Fax: (860) 724-3397


       */s/ Martin J. Minnella*
       Martin J. Minnella, Esq. (*Pro Hac Vice*)
       pcrean@mtelawfirm.com
       MINNELLA, TRAMUTA, & EDWARDS, LLC
       40 Middlebury Road
       Middlebury, CT 06762
       Phone: (203) 573-1411
       Fax: (203) 757-9313


       */s/ Robert W. Katims*
       Robert W. Katims, Esq.
       rkatims@hoffcurtis.com
       HOFF CURTIS
       60 Main Street
       Burlington, VT 05401
       Phone: (802) 864-6400

ME1 44677953v.1

## **CERTIFICATION**

I hereby certify that on this date a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

_/s/ David X. Sullivan_
David X. Sullivan (*Pro Hac Vice*)

7