UNTIED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 5:22-CR-00049 (GWC) |
| v. | : | |
| NATHAN CARMAN | : | APRIL 14, 2023 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NATHAN CARMAN'S MOTION FOR DISCLOSURE OF RULE 404(b) MATERIAL**

Imperative to the constitutional guarantee of a fair trial is the disclosure of evidence of a defendant's character and other crimes, wrongs, or acts that the government intends to offer at trial. Fed. R. Evid. 404(b)(3) makes this especially clear. To protect his constitutional right to a fair trial, Defendant, Nathan Carman, respectfully moves this Court for an order requiring the Government to produce all Rule 404(b) evidence it intends to offer at trial in its possession, custody, or control. For the reasons detailed below, the Court should grant Mr. Carman's motion.

**I.  BACKGROUND**

On May 2, 2022, a federal grand jury sitting in the District of Vermont returned an eight-count indictment (the "Indictment"), charging Mr. Carman with mail fraud in violation of 18 U.S.C. § 1341 (Counts One through Three), wire fraud in violation of 18 U.S.C. § 1343 (Counts Four through Six, and Count Eight), and murder in violation of 18 U.S.C. § 1111 (Count Seven). The Indictment stems from the Government's allegations that Mr. Carman murdered his mother, Linda Carman, by sinking the boat aboard which he and Linda Carman were in September 2016. (Indictment at ¶¶ 18, 27.) The Government has stated that its "case centers primarily around the murder of Linda Carman." (Tr. Hr'g on Def.'s Mot. to Vac. Order of Detention (Doc. No. 39) at 9:7–10.)

Mr. Carman was arraigned on May 11, 2022, during which the Court ordered Mr. Carman detained. (*See* Doc. No. 10.) Additionally, following a detention hearing on May 16, 2022, the Court issued an order of detention as to Mr. Carman. (*See* Doc. No. 19.) On July 6, 2022, Mr. Carman filed a motion to vacate the Order of Detention and, on August 2, 2022, the Court held a hearing during which it denied Mr. Carman's motion. (*See* Doc. Nos. 27, 35.)

In the Indictment, the Government alleges that Mr. Carman devised a scheme to defraud the estate of his grandfather, John Chakalos. (*See* Indictment at ¶ 7.) As part of the alleged scheme, the Government asserts in conclusory fashion that Mr. Carman "murdered John Chakalos and Linda Carman" and that Mr. Carman "murdered his grandfather, John Chakalos, shooting him twice with the Sig Sauer while Chakalos slept in his Windsor, CT home." (*Id.* at ¶¶ 7, 10.) As this Court noted previously, however, the murder of Mr. Chakalos "has not been solved, at least to the satisfaction of the Connecticut authorities." (Doc. No. 39 at 50:24–51:1.) Despite the fact that Mr. Carman was never arrested, charged, or convicted for the death of Mr. Chakalos, the Government "alleges that the killing [of Mr. Chakalos] was part of the defendant's fraudulent scheme." (*Id.* at 8:11–12.)

The Government claims that Mr. Carman "misrepresented his involvement in and responsibility for" the deaths of his grandfather and mother "to law enforcement, to his family, to others who made inquiries about the deaths and their circumstances, and to others who challenged his cover-up or challenged his rights to his grandfather's assets." (Indictment at ¶ 7.) It further avers that Mr. Carman "falsely denied his involvement in the murder" of Mr. Chakalos, "misrepresented his whereabouts between approximately 3:00 a.m. on December 20, 2013, when he left his apartment in Bloomfield, and approximately 4:00 a.m., when he arrived at the location

where he planned to meet his mother to take a charter fishing trip[,]" and "falsely denied purchasing the Sig Sauer in November 2013." (*Id.* at ¶ 12.)

## II.  LEGAL STANDARD[1]

Fed. R. Evid. 404(b)(3) provides that, prosecutors in a criminal case must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

The amendments to the Rules of Evidence provide that "[n]otice must be provided before trial in such time as to allow the defendant a fair opportunity to meet the evidence. FED. R. EVID. 404 (2020 Amendments). "Advance notice of Rule 404(b) evidence is important so that the parties and the court have adequate opportunity to assess the evidence, the purpose for which it is offered, and whether the requirements of Rule 403 have been satisfied[.]" *Id.* This is so "even in cases in which a final determination as to the admissibility of the evidence must await trial." *Id.* Although there is no longer a requirement that a defendant make a request before notice is provided, the rules do not prohibit a defendant from making such a request. *See id.*; D. Vt. Local R. Crim. P. 16(d)(2).

## III.  ARGUMENT

Mr. Carman is facing an eight-count indictment, premised on charged and uncharged conduct, which includes allegations arising from extensive investigations and civil litigation. Indeed, the Indictment contains significant allegations of uncharged criminal conduct allegedly committed by Mr. Carman and, therefore, the Government will most definitely need to offer such

---

[1] On April 14, 2023, pursuant to D. Vt. Local R. Crim. P. 16(f), counsel for Mr. Carman and for the Government met and conferred telephonically regarding this motion.

ME1 44677821v.1

evidence at trial. The Court should order the Government to disclose all Rule 404(b) material so that Mr. Carman can assess its usefulness and prepare his defense to the charges brought in the Indictment.

There have been extensive investigations leading up to the charges against Mr. Carman – investigations that continue to this day. These investigations include the Federal Bureau of Investigation, the Bureau of Alcohol, Tobacco, and Firearms, the Connecticut State Police, the Windsor, Connecticut Police Department, the United States Coast Guard, and others. As described above, the Indictment relies on numerous allegations of uncharged conduct, including the murder of John Chakalos, insurance fraud, and destruction of certain pieces of evidence. Indeed, the Government will be unable to present its case as outlined in the Indictment without offering evidence that falls within the bounds of Fed. R. Evid. Rule 404(b).

In this complex case, with trial scheduled to begin on October 10, 2023, and anticipated to last no less than three weeks, the Court should direct the Government to make a complete disclosure, which includes specific identification of all Rule 404(b) material among the discovery it has produced and has yet to produce. The specific disclosure of Rule 404(b) material at this point will insure that Mr. Carman is able to thoroughly and adequately assess the usefulness of such information and, therefore, protect Mr. Carman's constitutional right to a fair trial.

## IV. CONCLUSION

Given the overwhelming amount of information involved in this case and Government's clear need for the use of Rule 404(b) evidence, a Court order requiring the Government to sufficiently disclose any and all Rule 404(b) material that the Government intends to offer is necessary to insure the protection of Mr. Carman's right to a fair trial. Accordingly, the Court should grant Mr. Carman's Motion for Disclosure of Rule 404(b) Material.

ME1 44677821v.1

Dated: April 14, 2023        Respectfully submitted,
       Hartford, Connecticut
                             DEFENDANT
                             NATHAN CARMAN


                             By: /s/ *David X. Sullivan*
                                 David X. Sullivan, Esq. (*Pro Hac Vice*)
                                 dsullivan@mccarter.com
                                 McCARTER & ENGLISH, LLP
                                 CityPlace I, 36th Floor
                                 185 Asylum Street
                                 Hartford, CT 06103
                                 Phone: (860) 275-6700
                                 Fax: (860) 724-3397

                                 /s/ *Martin J. Minnella*
                                 Martin J. Minnella, Esq. (*Pro Hac Vice*)
                                 pcrean@mtelawfirm.com
                                 MINNELLA, TRAMUTA, & EDWARDS, LLC
                                 40 Middlebury Road
                                 Middlebury, CT 06762
                                 Phone: (203) 573-1411
                                 Fax: (203) 757-9313

                                 /s/ *Robert W. Katims*
                                 Robert W. Katims, Esq.
                                 rkatims@hoffcurtis.com
                                 HOFF CURTIS
                                 60 Main Street
                                 Burlington, VT 05401
                                 Phone: (802) 864-6400

## **CERTIFICATION**

       I hereby certify that on this date a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                /s/ *David X. Sullivan*
                                David X. Sullivan (*Pro Hac Vice*)

ME1 44677821v.1