U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 MAR 13 PM 3:02

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> NATHAN CARMAN, ) <br> ) <br> Defendant. ) | Case No. 5:22-cr-49-1 |

**ORDER CONCERNING MATERIALS PRODUCED UNDER PROTECTIVE ORDER**

In May 2022, Nathan Carman was indicted on charges of fraud and murder arising out of the death of his mother at sea in 2016. (Doc. 1.) The Government dismissed all charges in June 2023, after Mr. Carman's suicide. (Doc. 87.)

Following Mr. Carman's arraignment, the court signed a "Criminal Pretrial Order" that included standard language directing the Government to produce discovery as required by Fed. R. Crim. P. 16(a), the *Brady* doctrine, and other provisions of law. (Doc. 11.)

During pre-trial preparation, the court signed a stipulated protective order governing the confidentiality of discovery materials produced by the Government as "Protected Discovery." (Doc. 26.) The order limits disclosure to the defendant and members of his legal team.

In March and April 2023, the defense filed motions seeking production of *Brady*, *Giglio*, and Jencks Act material as well as "prior bad acts" evidence subject to Fed. R. Evid. 404(b). (Docs. 75, 76, 78, 79.) The Government's response provides some idea of the scope of the discovery production. (Docs. 77, 82.) Since the death of Mr. Carman's mother in 2016, the case was the subject of multiple state and federal criminal investigations and civil cases in New Hampshire and Rhode Island. (Doc. 77.) The Government described the discovery as voluminous. (*Id.*)

The court has received an informal inquiry from defense counsel about whether the protective order remains in effect. The Government has provided an informal response that the order continues to govern access to the Protected Discovery.

The order contains no provision governing the disposition of the Protected Discovery at the end of the case. The options open to defense counsel are the return of the Protected Discovery to the Government or a motion to modify the terms of the protective order. The options open to the Government include modification or an order seeking the return of the Protected Discovery. The one outcome the order does not contemplate is its expiration upon dismissal of the case and the release of the Protected Discovery to third parties.

The court will set a hearing in approximately thirty (30) days to learn from both sides what they wish to do with the Protected Materials. That interval will also permit a third party who may have approached defense counsel about reviewing the discovery materials to enter an appearance and take part in the hearing if they wish.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of March, 2025.

/s/ Geoffrey W. Crawford
District Judge
United States District Court